PETER J. WHALEN
State Bar No. 130041
*peter.whalen@clydeco.us*
YVONNE M. SCHULTE
State Bar No. 237868
*yvonne.schulte@clydeco.us*
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Plaintiff and Cross-Defendant
QBE Specialty Insurance Company

ERIC BRENNEMAN,
State Bar No. 287711
*bre@darlaw.com*
DEMLER ARMSTRONG &
ROWLAND LLP
11341 Gold Express Dr, Suite 110
Gold River, California 95670
Telephone: (916) 365-4000
Facsimile:  (916) 354-8380

Attorneys for Defendants Public Risk
Innovation Solutions and Management,
and County of Riverside

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QBE SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF RIVERSIDE, and PUBLIC RISK INNOVATION SOLUTIONS AND MANAGEMENT formerly known as CSAC EXCESS INSURANCE AUTHORITY, <br><br> Defendants. | Case No. 5:21-cv-00905-JWH-SHK <br><br> *Honorable John W. Holcomb* <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** <br><br><br> Final Status Conference: Not Set <br> Trial date:  Not Set |

## STIPULATION

IT IS HEREBY STIPULATED pursuant to Fed. R. Civ. P. 26(c) by and between Plaintiff QBE Specialty Insurance Company ("QBE" or "Plaintiff") and Defendants Public Risk Innovation Solutions and Management ("PRISM"), and County of Riverside ("Riverside") (individually, a "Party," or collectively,

"Parties") that a Protective Order ("Order" or "Stipulated Protective Order") may be entered by the Court in this action as follows:

## 1.    A.    PURPOSES AND LIMITATIONS

Plaintiff and Defendants acknowledge that discovery in this action is likely to involve production of confidential, proprietary, trade secret, personal, or private information for which special protection from public dissemination or disclosure, and from use for any purpose other than prosecuting and defending this action, would be warranted.  Pursuant to Fed. R. Civ. P. 26(c), Local Rule 79-5, and all other applicable local laws and rules, the Parties wish to facilitate the orderly and efficient disclosure of relevant information, and to minimize the potential for unauthorized disclosure of confidential information.

The Parties acknowledge that any use of information or items deemed "Protected Material" pursuant to this Stipulated Protective Order at trial or in other court hearings or proceedings shall be governed exclusively by the orders of the presiding judge.  The Parties further acknowledge that the terms of this Stipulated Protective Order do not apply or operate to constrain in any way the Court or the Court's personnel, who are subject only to the Court's internal procedures regarding the handling of any material filed or lodged with the Court, including, without limitation, material filed or lodged under seal.  The Parties also acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

1

## B.    GOOD CAUSE STATEMENT

Counsel for Plaintiff and Defendants have conferred on the issue of disclosure of certain information relevant to the claims and defenses in the above-captioned action. Plaintiff and Defendants have agreed that both sides will likely propound discovery seeking information and documents related to, *inter alia*, confidential, proprietary, trade secret, personal or private information belonging to the Parties or Non-Parties to this action, for which special protection from public disclosure and from use for any purpose other than prosecution, defense, or resolution of this action is warranted.  Such confidential and proprietary materials and information may consist of, without limitation, trade secrets (as defined in the Uniform Trade Secrets Act), confidential business or financial information, information regarding confidential business practices, customer lists, pricing, research or development, private information (including information implicating privacy rights of third parties), or other information which is generally unavailable to the public or which may be privileged or otherwise protected from disclosure under applicable laws (including, without limitation, state or federal statutes, court rules, case decisions, international treaties, or common law).  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## 2.   DEFINITIONS

**2.1   Action**.  The above-titled lawsuit pending in the United States District Court in the Central District of California, Case No. 5:21-cv-00905-JWH-SHK.

**2.2   Challenging Party**.   A Party that challenges the designation of information or items under this Stipulated Protective Order.

**2.3   "CONFIDENTIAL" Information or Items**.  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**2.4   Counsel**.  Outside Counsel of Record and House Counsel (as well as their support staff).

**2.5   Designating Party**.  A Party or Non-Party that designates information or items that are (or have been) exchanged or produced in disclosures, in responses to discovery, or otherwise, as "CONFIDENTIAL."

**2.6   Disclosure or Discovery Material**.  All items or information, regardless of the medium or manner in which generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery or other requests for documentation, or other exchanges or submissions in this matter.

**2.7   Expert or Consultant**.   A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert or as a consultant in this action (regardless of whether the individual serves as a witness).  This definition includes any professional jury or trial consultant retained in connection with this litigation.  An expert for purposes of this Stipulated Protective Order shall not include anyone who is a current employee of an opposing Party.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

**2.8**  **House Counsel**.  Attorneys who are employees of a party to this Action.  For clarity, House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9**  **Non-Party**.  Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

**2.10**  **Outside Counsel of Record**.  Attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including support staff (this also includes independent companies or agencies that Outside Counsel of Record directly retains on behalf of a Party to perform litigation support services, including for example stenographic or videographic services).

**2.11**  **Party**.  Plaintiff, Defendants, and any other party to this Action (including any party(ies) added after the date of this stipulation or its entry by the Court), including all of their respective officers, directors, and/or current employees (but not including other agents that are not employees, such as Outside Counsel of Record and Experts or Consultants).

**2.12**  **Producing Party**.  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.13**  **Professional Vendors**.  Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**2.14**  **Protected Material**.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**2.15**  **Receiving Party**.  A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (i) any information copied or extracted therefrom, (ii) all copies, excerpts, summaries, or compilations thereof, and (iii) any testimony, conversations, or presentations by Parties or their counsel in this Action or in other settings that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  Nothing in this Order shall be construed as requiring disclosure of documents, information or any other materials that are subject to applicable privileges or immunities or that are, or may be claimed to be, otherwise beyond the scope of permissible discovery.  Nothing herein shall be construed as an admission or concession by any Party that any Protected Material constitutes relevant, material, or admissible evidence in this matter.

**4.     DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  However, this provision is not intended and shall not be construed as a waiver by any Party of its rights to seek to use Protected Material at trial and the Parties agree to timely meet and confer as needed regarding the use of any Protected Material at trial.  For clarity, the terms of this Protective Order will cease to apply to any Protected Material once such material is entered into the public record at trial.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

**5.      DESIGNATING PROTECTED MATERIAL**

     **5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

     **5.2      <u>Manner and Timing of Designations</u>**

Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  This, however, does not preclude a Designating Party from designating Protected Material previously produced in this action prior to the Parties' entry of this Stipulated Protective Order.

Designation in conformity with this Order requires:

(a)    **For information in documentary form** (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings):

(i)    Documents Produced in Image, PDF, or hardcopy form ("Image").  The Designating Party shall place on each page the following legend: "CONFIDENTIAL."  The legend shall not obscure any content of the original document.  Any person making a copy of the image, if authorized under this Order, shall ensure that the same legend shows on the copy.

(ii)    Documents Produced in Native Format ("native file").  A Designating Party shall rename each native file to include, at the end of the file name and prior to the file extension, the following language: "CONFIDENTIAL."  Any person making any copy of the native file, if authorized under this Order, shall not rename the file to remove the confidentiality legend.

(b)    **For testimony given in deposition or in other pre-trial proceedings:**

The Designating Party may designate protected information disclosed on the record, including testimony and exhibits, as "CONFIDENTIAL" and request the preparation of a separate transcript of such material.  Such separate transcript shall include both deposition testimony and exhibits so designated.  In addition, deposition transcripts (including rough transcripts) and exhibits shall be deemed CONFIDENTIAL for thirty (30) days after the Parties' receipt of the final transcript from the court reporter (for avoidance of doubt, "final transcript" as used herein does *not* mean the "certified" transcript after the witness has had the opportunity to provide his or her errata).  A Designating Party may designate in writing, within thirty (30) days after receipt of any final deposition transcript in the Action, the specific pages of the transcript and exhibits to be treated as "CONFIDENTIAL."  The Designating Party shall then be responsible to notify the Court Reporter, and the Court Reporter

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

shall provide a separate transcript which shall include both deposition testimony and exhibits so designated.

Unless otherwise agreed by the Parties and any Non-Party making a pertinent designation under this Order, transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party offering or sponsoring the witness or presenting the testimony.

(c) **Information Contained in Responses to Written Discovery:**

A Designating Party may designate information exchanged in disclosures or in response(s) to written discovery requests (including subpoenas) as "CONFIDENTIAL" by so indicating in a prominent manner (i) on the caption page of said responses (identifying specific responses being so designated), (ii) on each page of any documents produced with such responses, and/or (iii) as otherwise provided in Paragraph 5.2 above. In addition, a Designating Party may designate in writing, within thirty (30) days after receipt of a Non-Party's responses to written discovery requests, the specific responses, documents, and/or other information to be treated as "CONFIDENTIAL."

**5.3** **Protected Material Disclosed by a Non-Party**.

After a Non-Party makes disclosures in this proceeding, the entire disclosure shall be treated under this Order as Protected Material for the first 14 days immediately after the disclosure. Within that 14-day period, the Non-Party or a Party in this action may notify all other Parties that all or specific portions of the disclosure is being designated as CONFIDENTIAL. Thereafter, any portions so designated, as well as any documents or information designated as CONFIDENTIAL at the time of production or during the 14-day period after production, shall remain so designated subject to this Order.

In addition, in the event that the timing of a Non-Party's disclosure(s) is such that the restrictions during the initial 14-day time period may prevent a Party from

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

adequately preparing for any filing, proceeding, or other formal obligation in this matter (including, without limitation, a deposition or other discovery proceeding), the Parties will meet and confer in good faith to provide additional time for the affected Party as needed to avoid any potential prejudice from the initial 14-day period after a Non-Party's disclosure.

### 5.4    **Inadvertent Failures to Designate**.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a missing or incorrect designation, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  This provision shall not be construed to be a derogation of the obligations or protections under Federal Rule of Civil Procedure 26(b)(5) nor Federal Rule of Evidence 502.

## 6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

### 6.1    **Timing of Challenges**.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

### 6.2    **Meet and Confer**.

The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq*.

### 6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1    **Basic Principles**.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the Court and its employees or other staff (*e.g.*, externs) and to the categories of persons described in this Stipulated Protective Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of paragraph 13.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### 7.2    **Pleadings, Motion Papers, and Written Discovery Papers.**

The Parties shall comply with all of the requirements contained in L.R. 79-5 prior to including any material that another party has designated as Protected Material in pleadings, motion papers (written motions, affidavits, and briefs), written discovery papers (requests and responses), or any other public documents/submissions.

### 7.3    **Disclosure of Information Designated as "CONFIDENTIAL"**.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    All Parties in this Action (including its officers, directors, and employees, including House Counsel);

(b)    Outside Counsel of Record as defined above, including such counsel's partners, employees, and agents retained in the Action (*e.g.*, outside copy services, litigation-support services, and stenographers) to whom it is reasonably necessary to disclose the information for the prosecution, defense, or resolution of this Action;

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

(c)     Experts or Consultants, as defined above, to whom disclosure is reasonably necessary for the prosecution, defense, or resolution of this Action and who have signed a copy of the Acknowledgment and Agreement to Be Bound, attached hereto as Exhibit A ("Certification");

(d)     A witness at a deposition or pre-trial hearing in the Action (and his or her attorney, if applicable), if the witness will give relevant testimony regarding the CONFIDENTIAL information or item(s) to be disclosed or if disclosure is reasonably necessary for the prosecution, defense, or resolution of this Action.  In either circumstance, (i) the witness (and his or her attorney, if applicable)  shall sign a copy of the Certification prior to any disclosure of Protected Material(s), unless the Designating Party otherwise agrees in writing (without any such agreement being construed as a waiver of the status of the Protected Material under this Order) (and the Parties shall cooperate in all respects to ensure that the witness signs a copy of the Certification if necessary), and (ii) if the witness is not a current employee of a Party, the witness (and his or her attorney, if applicable) shall not be permitted to retain any copy or copies of Protected Material(s);

(e)     Any person identified as an author, source, addressee, or recipient of the material, or who already otherwise possessed or knew the information;

(f)     Any mediators or arbitrators selected by the Parties to assist in resolution of this matter, and their personnel actively engaged in assisting them;

(g)     The Court or any Court personnel, including any court reporters; and,

(h)     Any other person by written agreement of the Designating Party and only after that person has signed the Certification.

**7.4     Required Handling of Protected Material.**

(a)     Protected Material shall not be disclosed to anyone for any purpose other than as required for the preparation of trial or any appeal or resolution in this action, and, in that limited context, shall be disclosed only to Qualified

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

Persons as set out above.  Protected Material shall not be used for any business, personal, competitive or other purpose not strictly related to the prosecution, defense, or resolution of this Action.  In addition, Protected Material in native format may be copied solely (a) for use in a litigation-support application or (b) as mutually agreed upon by the Parties.

(b)     Each Party and its Counsel, and each Qualified Person identified in paragraph 7.3 (other than the Court), including any person or entity acting on behalf of, or for the benefit of, that Qualified Person, (i) shall not permit or enable unauthorized dissemination of Protected Material to anyone; and (ii) shall take all necessary and prudent measures to preserve the security of Protected Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Protected Material is stored or through which it is transmitted.

(c)     If Protected Material is disclosed in a manner not authorized by this Order, or if an attempt is made to hack or otherwise gain unauthorized access to a system containing Protected Material (jointly, "unauthorized actions"), each Party or Qualified Person with knowledge of the unauthorized actions immediately shall take necessary and prudent remedial measures to prevent their reoccurrence and promptly shall inform the Designating Party of such remedial measures and of all facts relating to the unauthorized actions, including identification of all Protected Material disclosed.

(d)     Nothing in this Order shall limit any Designating Party's use of its own documents and information, including disclosure of its own Protected Material, to any person for any purpose, in this action or otherwise.  Such disclosure shall not affect any designations made pursuant to the terms of this Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

/ / /

/ / /

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," the Receiving Party must:

(a) Promptly notify in writing the Designating Party (via email and regular mail sent within the United States).  Such notification must include a copy of the subpoena or court order, the identification of the Protected Material(s) which the Receiving Party believes to be implicated by the subpoena or order, and identification of the basis or bases by which the Receiving Party believes that the identified Protected Material(s) is subject to disclosure;

(b) Promptly notify in writing the party causing the subpoena or order to issue in the other litigation that some or all responsive material is subject to this Protective Order, and include a copy of this Stipulated Protective Order therewith;

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d) Not produce or disclose any Protected Material, if the Designating Party timely seeks a protective order, until after a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court of competent jurisdiction.

/ / /

/ / /

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to recover all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons return and/or destroy **all** copies of all materials so disclosed and certify that such return and/or destruction has taken place.

**10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The production of information protected by the attorney-client privilege, work product doctrine, or any other privilege or protection from disclosure is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  If information is produced in discovery that is subject to a claim of privilege or of protection as a trial-preparation material, the party making the claim may notify any party that receiving such information of such claim and the basis for it.  After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence ("FRE") 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work

product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

If the Receiving Party receives documents, ESI, or other forms of information from the Producing Party that, upon inspection or review, appear in any respect to contain or constitute potentially privileged information, the Receiving Party shall immediately stop review of such information, shall not distribute it further even amongst the Party's own case team except as strictly necessary to confirm the privileged nature of its contents, promptly sequester the potentially privileged information, and immediately identify the potentially privileged information to the Producing Party.

The Receiving Party may object to the Producing Party's designation of disclosed information as privileged material by providing written notice of such objection within seven days of its receipt of a written demand for the return of the disclosed privileged material. The Parties will strictly comply with Local Rules 37-1 and 37-2 in connection with any dispute regarding the designation of information as privileged material. If the Parties are unable to resolve any such dispute, the issue shall be resolved by the Court after an in camera review of the disclosed privileged material. However, the Receiving Party agrees not to argue in connection with a dispute over privileged material that the information may not have been reviewed by the Producing Party prior to its disclosure or that the Producing Party did not take reasonable steps to prevent disclosure. Pending resolution of any such dispute by the Court, the Receiving Party shall not review and shall not use the disclosed privileged material in any respect.

This Order shall be interpreted to provide the maximum protection allowed by FRE 502(d). In addition, any document or information that is disclosed in accordance with a court order pursuant to FRE 502(d) shall automatically be treated as "CONFIDENTIAL" even if not expressly marked, unless the disclosing or Producing Party affirmatively indicates that certain specified material is not

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

"CONFIDENTIAL." FRE 502(b) is inapplicable to any disclosed privileged material. Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review and segregation for withholding from production documents, ESI or other information (including metadata) based on the lack of relevance or responsiveness, or the existence of a privilege or other protection from disclosure.

**11.    MISCELLANEOUS**

**11.1    Right to Further Relief.**

All Parties reserve the right to seek modification of this Order at any time for good cause, including obtaining appropriate orders for deponents who refuse to sign the attached Certification.  The Parties agree to meet and confer prior to seeking to modify this Order for any reason.  The restrictions imposed by this Order may only be modified or terminated by written stipulation of all Parties or by order of the Court. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or to petition the Court for a further protective order relating to any purportedly confidential information.  Nothing in this Order shall prevent any Party from seeking additional Protective Orders or other appropriate relief with respect to the scope of discovery and/or any discovery requests, depositions, and/or portions thereof that such Party believes to be inappropriate, harassing, or otherwise impermissible under applicable law.

**11.2    Right to Assert Other Objections.**

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

waives any right to object, on any ground, to use in evidence of any Protected Material.

### 11.3 **Filing Protected Material**.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 (including all its subparts). In the event that a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 12. **COMPLIANCE WITH ORDER**

A Party's compliance with the obligations imposed on it by this Order, including any obligations concerning the treatment of information designated as "CONFIDENTIAL" shall not be deemed an admission by the complying Party or otherwise be evidence that the information so designated is in fact confidential, proprietary, trade secret, or private information. Nor shall such compliance be deemed a waiver of the complying Party's right to challenge the Designating Party's designation of Protected Material as "CONFIDENTIAL."

## 13. **SURVIVAL OF OBLIGATIONS**

The Parties' obligations as to all Protected Material survive the termination of the Action and remain subject to the terms of this Stipulated Protective Order. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

constitute Protected Material remain subject to the terms of this Stipulated Protective Order.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: November 23, 2022        CLYDE & CO US LLP

By:   /s/ Peter J. Whalen
      Peter J. Whalen
      Yvonne M. Schulte
      Attorneys for Plaintiff and Cross-Defendant
      QBE SPECIALTY INSURANCE
      COMPANY

DATED: November 23, 2022        DEMLER ARMSTRONG & ROWLAND LLP

By:   /s/ Eric Brenneman
      Eric Brenneman
      Zachary Hamilton
      Attorneys for Defendants and Cross-Complainants
      PUBLIC RISK INNOVATION SOLUTIONS
      AND MANAGEMENT, and COUNTY OF
      RIVERSIDE

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

*CLYDE & CO US LLP*
*150 California Street, 15th Floor*
*San Francisco, California 94111*
*Telephone: (415) 365-9800*

1

## <u>ATTESTATION PER LOCAL RULE 5-4.3.4(a)(2)(i)</u>

2

The e-filing attorney hereby attests that concurrence in the filing of the

3

document has been obtained from each of the other signatories indicated by a

4

conformed signature (/s/) within this e-filed document.

5

6

Dated: November 23, 2022          CLYDE & CO US LLP

7

8

By:    <u>/s/ Peter J. Whalen</u>

9

Peter J. Whalen

10

Yvonne M. Schulte
Attorneys for Plaintiff and Cross-

11

Defendant

QBE SPECIALTY INSURANCE

12

COMPANY

13

14

**IT IS SO ORDERED**.

15

DATED:  November  29 , 2022

16

Hon. Shashi H. Kewalramani
United States District Court Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

## **EXHIBIT A**

### **Acknowledgment and Agreement to be Bound**

I, _____ [print or type full name], of

_____ [print or type

full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on May ___, 2022, and any

amendments thereto, in the case of *QBE Specialty Insurance Company v. County of*

*Riverside, et al*, Case No. 5:21-cv-00905-JWH-SHK.  I agree to comply with and to

be bound by all the terms and conditions of this Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.  I further agree to submit to the jurisdiction of the United

States District Court for the Central District of California for the purpose of

enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

__ [print or type full address and telephone number] as my California agent for

service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name (and title, if applicable): _____

Signature: _____

**PROOF OF SERVICE**

**Re:** ***QBE v. County of Riverside, et al.***
**Central District of California No. 5:21-cv-00905-JWH-SHK**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 355 S. Grand Avenue, Suite 1400, Los Angeles, California 90071.

On **November 23, 2022**, I served true copies of the following document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address _____@clydeco.us to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **November 23, 2022**, at Ontario, California.

/s/ Gale L. Matteson
Gale L. Matteson

*CLYDE & CO US LLP*
*150 California Street, 15th Floor*
*San Francisco, California 94111*
*Telephone: (415) 365-9800*

## SERVICE LIST

| | |
|---|---|
| Eric Brenneman, Esq.<br>Zachary Hamilton, Esq.<br>DEMLER, ARMSTRONG &<br>ROWLAND, LLP<br>11341 Gold Express Drive, Suite 110<br>Gold River, CA 95670<br>Tel:   916-365-4000<br>Fax:   916-354-8380<br>Email:       bre@darlaw.com<br>             ham@darlaw.com | Attorneys for Defendants and Cross-<br>Complainants<br>PUBLIC RISK INNOVATION,<br>SOLUTIONS AND MANAGEMENT,<br>and COUNTY OF RIVERSIDE |